IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| NATHAN BRENT ADAMS, § <br> (Former TDCJ-CID #00443475) § <br> § <br> Plaintiff, § <br> § <br> vs. § <br> § <br> HOUSTON POLICE DEPARTMENT, § <br> § <br> Defendant. § | CIVIL ACTION H-14-1223 |

## MEMORANDUM AND OPINION

Nathan Brent Adams, a former inmate of the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-ID), sued in May 2014, alleging a denial of due process. Adams, proceeding *pro se* and *in forma pauperis*, sues the Houston Police Department. Adams's claims are insufficient to permit this case to proceed.

Adams alleges that on April 15, 2014, Houston Police Department officers arrested him for evading arrest without a motor vehicle.[1] Adams alleges that he was on his bicycle and all his personal property was in a backpack. Adams alleges that the arresting officers confiscated his Social Security card, voter registration card, and driver's license. As a result, he has been unable to seek employment, pay taxes, vote, and drive. He also alleges that arresting officers took his money, cell phone, CD player, and bicycle. Adams asks that his property be returned to him or that he be given a cash settlement.

---

[1] On-line research reveals that Adams pleaded guilty to evading arrest with a previous conviction. (Cause Number 1425067). On May 19, 2014, Adams was sentenced to 180 days in a state jail facility.

Under 28 U.S.C. § 1915A, federal courts are authorized to review, before docketing, if feasible, or in any event as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. The court is to dismiss any part of the complaint that is frivolous, malicious, or fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Richardson v. Spurlock*, 260 F.3d 495, 498 (5th Cir. 2001) (citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)).

The wrongful deprivation of property does not implicate the Fourteenth Amendment if the State provides an adequate postdeprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Marshall v. Norwood*, 741 F.2d 761, 764 (5th Cir. 1984). Adams has a right of action under Texas law for the deprivation of property. *See Thompson v. Steele*, 709 F.2d 381, 383 (5th Cir. 1983); *Myers v. Adams*, 728 S.W.2d 771, 772 (Tex. 1987). Adams's claim against the Houston Police Department therefore lacks an arguable basis in law and cannot go further.

The action filed by Nathan Brent Adams (former TDCJ-CID Inmate #00443475) is dismissed under 28 U.S.C. § 1915A(b)(1). Any remaining pending motions are denied as moot.

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to:

(1) the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159;

(2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and

(3) the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, Attention: Manager of the Three-Strikes List.

SIGNED on November 24, 2014, at Houston, Texas.

                                          Lee H. Rosenthal
                                    United States District Judge